Howard A. Zeller, J.
In this negligence action plaintiffs move for summary judgment. The complaint alleges, by a first cause of action, that Lenox Avenue is a public highway in Oneida, New York, that on July 25, 1967 the infant plaintiff (then 16 years of age) was walking on the sidewalk near 315 Lenox Avenue, Oneida, New York when a pick-up truck owned and operated by defendant struck a parked vehicle and then *472 drove onto the sidewalk, pushing her under the porch of a house and causing her serious injury. The infant plaintiff’s mother, by a second cause of action, sues defendant for loss of her daughter’s services and medical and hospital bills. The complaint alleges the causes of action in adequate detail.
Defendant’s answer ‘ ‘ generally denies each and every allegation in said complaint ’ ’. Thus, defendant denies Lenox Avenue is a public highway, denies plaintiffs are residents of Oneida, denies he is a resident of Oneida, denies that on July 25, 1967 he was the owner and driver of a pick-up truck. From the papers submitted on this motion it is apparent such denials are untrue. “ Aside from any ethical considerations, such attempts to create fictitious issues * * * must be condemned ”. (Doyle v. Buturlinsky, 26 A D 2d 717.)
The moving papers consist of the affidavit of plaintiffs’ attorney, a copy of the Oneida Police Accident Report, and a copy of defendant’s signed Report of Motor Vehicle Accident to the Department of Motor Vehicles dated July 26,1967 (MV 104).
In opposition defendant presents an affidavit sworn to by one of his attorneys which is mostly argumentative in nature.
An affidavit by an attorney without personal knowledge of the facts concerning an accident which is the subject of a lawsuit is worthless on a motion for summary judgment. (Barnet v. Horwitz, 278 App. Div. 700; Cohen v. Pannia, 7 A D 2d 886; Di Sabato v. Soffes, 9 A D 2d 297; Boss v. Continental Cas. Co., 25 A D 2d 702.)
The only competent part of the affidavit of the attorney for plaintiffs is the statement that attached thereto are (1) Oneida City Police Report as to the accident and (2) a Report of Motor Vehicle Accident (Form MV 104) signed by defendant and certified as correct by the Department of Motor Vehicles.
No part of the affidavit of defendant’s counsel is germane to the fact of the accident or competent evidence thereof.
Plaintiffs failed to submit an affidavit from the investigating police officer! Most of the Police Accident Report may be based on hearsay and is of little help on this motion.
The one significant and competent paper is the certified photographic copy of defendant’s MV 104. Neither its authenticity nor the statement it was signed by defendant is disputed. It gives defendant’s year of birth as 1885 and his residence as Oneida, New York. It states defendant was the owner of the pick-up truck which he was driving on Lenox Avenue in Oneida when the accident occurred about 9 :34 p.m. on July 25, 1967. Defendant then described how the accident happened. Paraphrasing his description it reads: “I was heading east on *473 Lenox Avenue when my truck struck a vehicle parked in front of 315 Lenox Avenue; my vehicle went out of control and jumped the curb; two girls walking on the sidewalk tried to run up steps of a porch and my truck struck the girls and shoved the girls and the steps under the porch.”
Infant plaintiff was one of the * ‘ girls ’ ’ referred to in defendant’s report. She was walking on the sidewalk and tried to avoid being struck when she saw defendant’s pick-up truck leave the street, jump the curb and come toward her. As a matter of law it is determined she was free from any contributory negligence.
The only inference to be drawn from defendant’s own admissions in his MV 104 is that he did not maintain a proper lookout for vehicles parked on Lenox Avenue, did not have his pick-up truck under proper control and that after having struck the parked vehicle he fully lost control of the pick-up truck, which then jumped the curb, crossed the sidewalk and struck the steps of the porch and infant plaintiff. As a matter of law it is determined defendant was negligent and his negligence was the proximate cause of the injury to infant plaintiff.
In Di Sabato v. Soffes (9 A D 2d 297, supra) defendant’s auto got out of control, crossed a street, partially crashed through the outer wall of a store, causing part of the wall and some equipment to fall on and injure plaintiff, a clerk in the store. Special Term denied plaintiff’s motion for summary judgment. The Appellate Division reversed and granted plaintiff’s motion. There are certain similarities between the factual situation in Di Sabato and the circumstances of this case.
In Di Sabato, writing for the majority, Frank, J., stated on page 299: “ One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation. ’ ’
No triable issue of liability exists in this action. Infant plaintiff is entitled to recover damages for her personal injuries and her mother is entitled to recover whatever damages she may prove in her derivative cause of action. Assessment of damages on each cause of action should be directed.